# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9185 | **DATE** | 9/9/2004 |
| **CASE TITLE** | YOLANDA WILLIS vs. UNITED STATES POSTAL SERVICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motions to strike [33-1] and for partial summary judgment [20-1] are denied. Defendant's cross-motion for summary judgment [26-1] is denied. The parties shall present their joint modified final pretrial order on September 30, 2004 at 9:00 a.m.; plaintiff shall furnish defendant with her draft pretrial order by September 23, 2004. A bench trial is set on October 25, 2004 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | SEP 10 2004 | | 37 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | 9/9/2004 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| CB | courtroom deputy's initials | | PW mailing deputy initials | | |

U.S. DISTRICT COURT

2004 SEP -9 PM 12:47

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 1 0 2004

YOLANDA WILLIS, )
)
             Plaintiff, )    No. 03 C 9185
)
   v. )    Suzanne B. Conlon, Judge
)
UNITED STATES POSTAL SERVICE, )
)
            Defendant. )

## MEMORANDUM OPINION AND ORDER

Yolanda Willis sues the United States Postal Service ("defendant") for terminating her employment and denying her medical leave required by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Defendant denies Willis was entitled to FMLA leave, that it improperly sought additional documentation regarding her need for leave, or that it improperly terminated her employment. Cross-summary judgment motions are before the court. Willis also moves to strike specific evidence submitted by defendant in support of its cross-summary judgment motion.

### BACKGROUND

All facts are undisputed unless otherwise noted.[1] Willis worked for defendant as a distribution clerk at defendant's AMC O'Hare facility. Willis Facts at ¶ 7. Defendant is an employer covered by the FMLA; Willis worked at least 1250 hours by February 2003. *Id.* at ¶¶ 5-6.

---

[1] Willis filed a response to defendant's response to Willis' statement of undisputed material facts. This response is not authorized by Local Rule 56.1 and is disregarded.

1

Defendant's family and medical leave policies are contained in its employee and labor relations manual at section 515. *Id.* at ¶ 9. To request FMLA leave, an employee must submit a request for absence form with documentation supporting the request, including a certification form from a health care provider. *Id.* at ¶ 10; Def. Facts at ¶ 76. Defendant's certification form seeks information regarding the employee's medical condition, including the probable frequency and duration of absences from work. Def. Facts at ¶ 77. Defendant's FMLA policy provides employees 15 days to resubmit FMLA certification forms if clarification is needed. Willis' Facts at ¶ 13. Defendant may require a second medical opinion by a health care provider and, when the original and second opinions differ, a third opinion may be required. *Id.* at ¶ 14.

Nancy McCoy-Williams served as defendant's leave control supervisor at all relevant times. *Id.* at ¶ 8. McCoy-Williams was responsible for reviewing employees' attendance, conducting interviews after unscheduled absences and issuing discipline when appropriate. *Id.* at ¶ 15. If McCoy-Williams was notified that an employee's absence was possibly covered by the FMLA, she would give the employee a FMLA request form for the employee's doctor. *Id.* at ¶ 16. McCoy-Williams would fax the returned form to a postal physician who would advise her whether the employee's condition was covered by the FMLA. *Id.* at ¶ 19. McCoy-Williams' primary role in approving or rejecting an FMLA request was to determine whether the FMLA certification request was complete. *Id.* at ¶ 20. If an employee was absent for five days and had not submitted a doctor's note, McCoy-Williams would request acceptable documentation. *Id.* at ¶ 27. If she questioned the medical documentation, she would give the employee an opportunity to submit further documentation. *Id.* at ¶ 29. Employees were allowed 15 days to resubmit FMLA certification forms if they needed clarification. *Id.* at ¶ 30.

On February 20, 2002, defendant received a medical slip from Willis indicating she was unable to work February 1-3, 2002 due to rheumatoid arthritis. *Id.* at ¶ 32. On April 23, 2003, defendant received another medical slip from Willis indicating she was unable to work April 16-20, 2002 due to severe arthritis. *Id.* at ¶ 33. Both notes were signed by Dr. Albert R. Rosanova, Jr. *Id.* at ¶¶ 32-33. In June 2002, Willis received treatment from Dr. Rosanova for arthritis, a thyroid problem, headaches and stress. *Id.* at ¶ 34. On August 19, 2002, Dr. Rosanova completed a FMLA certification form that diagnosed Willis with multiple joint disease of the knees, hips and feet. *Id.* at ¶ 35. Arthritis is also known as multiple joint disease. Def. Facts at ¶ 80. The note indicated Willis' condition was chronic and permanent. Willis Facts at ¶ 35.

Willis claims she requested FMLA leave in August 2002, based on Dr. Rosanova's diagnosis. *Id.* at ¶ 36. McCoy-Williams never approved Willis' August 2002 request. *Id.* at ¶ 42. Defendant states that the FMLA documentation Willis submitted in August 2002 was actually related to her previous absence from June 19-July 22, 2002, which was taken without prior submission of medical documentation. Def. Resp. to Willis Facts at ¶ 36. The August 2002 certification form question regarding the probable frequency or duration of absences indicated the doctor was "unable to determine frequency and duration, however will be off 2-4 days or more per episode per week per year." Def. Facts at ¶ 81. McCoy-Williams did not believe this response clearly provided the doctor's understanding of Willis' probable frequency and duration of absences. Def. Resp. Willis Facts at ¶¶ 39-40.

Willis submitted certification forms to defendant on October 22, 2002, again related to her arthritis. Def. Facts at ¶ 79. The form indicated the doctor was "unable to determine frequency and duration" of absences. *Id.* at ¶ 81. On December 10, 2002, Willis requested a temporary light duty

assignment because of pain in her legs and feet. Willis Facts at ¶ 43. Willis attached a light duty medical status report stating she was not to stand for long periods of time and that she should rotate one hour standing and one hour sitting. *Id.* at ¶ 44. Willis never received a response to her temporary light duty assignment request, but continued working. *Id.* at ¶ 46. On December 13, 2002, McCoy-Williams sent a fitness for duty request to Phyllis Burtley, a postal service nurse, requesting a second opinion regarding Willis' condition. *Id.* at ¶ 48. In her request, McCoy-Williams explained that Willis took off seven weeks in June and July 2002 and had increased episodes of absences. Def. Facts at ¶ 86. On January 31, 2003, Dr. Scott Kale performed the second opinion examination. *Id.* at ¶ 87.

Also on January 31, 2003, Willis submitted a request for 30 days of FMLA leave because of her arthritis. Willis Facts at ¶ 52. McCoy-Williams informed Willis only one day of leave would be approved. *Id.* at ¶ 53. On February 1, 2003, Willis obtained a doctor's note and FMLA certification form from Dr. Rosanova; three days later, she submitted both forms to defendant. *Id.* at ¶¶ 54, 56. Dr. Rosanova reported Willis would need to miss work as of January 31, 2003 because of "osteo+rheumatoid arthritis" and she would be re-evaluated in four weeks. Willis Facts Ex. K. The certification form indicated Willis suffered from "ARITHIS OF BACK. PERIOD OF INCAPATACY 2-4 PAIN ON MOVEMENT. LIMATATION OF RANGE OF MOTION PEPTIC ULCE DISEASE CONFLICTS WITH TREATMENT OF ARITHIC CONDITION SINCE SHE MUST STOP NASAIDS." Willis Facts Ex. L. The form indicated the condition was chronic and permanent. In response to the form's question seeking information on the "likely duration and frequency of episodes of incapacity," the form stated "UNABLE TO DETERMINE FREQUENCY + DURATION HOWEVER WILL BE OFF 2-4 DYS. PER EPOSIODE PER WK PER YR." *Id.*

The form further indicated physical therapy and medication would be required as treatment once a week for one year and that 24-30 treatments would be necessary. *Id.* The form asked, "will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition?" The response provided was "12-13-03." *Id.* The follow up question asked, "if yes, give the probable duration;" the response was "2-4 days." *Id.* The form asked whether Willis was unable to perform work of any kind, or whether she was unable to perform any one or more of the essential functions of her job. *Id.* The answer was "No" to both questions. *Id.* The form asked whether it was necessary for Willis to be absent from work for treatment. The response was "Yes." *Id.*

On February 7, 2003, McCoy-Williams issued Willis a five day absence notice. Willis Facts at ¶ 63. Willis received the notice on Wednesday, February 12, 2003. *Id.* at ¶ 64. The notice indicated McCoy-Williams had received a copy of Willis' February 4, 2003 FMLA certification form and doctor's note. *Id.* at ¶ 65-66; Willis Facts Ex. M. The notice requested submission of the original documents and stated "clarification" was needed regarding the duration and frequency of her absences. *Id.* Finally, Willis was informed failure to comply could result in her discharge from the postal service. *Id.* Under the FMLA, McCoy-Williams could have requested that a postal office doctor contact Dr. Rosanova for purposes of clarifying Willis' certification information. *Id.* at ¶ 69. McCoy-Williams did not make such a request. *Id.* On February 18, 2003, McCoy-Williams issued Willis a notice of removal. The notice informed Willis she would be terminated effective April 9, 2003 because she had been absent without official leave since February 1, 2003. *Id.* at ¶ 71; Def. Facts at ¶ 90; Willis Facts Ex. O.

Dr. Kale's January 31, 2003 second opinion examination concluded Willis did not suffer from debilitating arthritis and that she should continue working with reduced standing time and permission to sit intermittently. Def. Facts at ¶ 87, Def. Facts. Ex. 3-4. Neither Willis nor McCoy-Williams knew the results of Dr. Kale's opinion before McCoy-Williams sent the notice of removal. Willis Facts at ¶ 68. There was never a request for a third medical opinion regarding Willis' condition. *Id.* at ¶ 70. The effective date of Willis' termination was April 9, 2003. *Id.* at ¶ 95.

## DISCUSSION

### I.  Motion to Strike Evidence

Evidence submitted at the summary judgment stage must be admissible at trial. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). The court must first determine the admissibility of the evidence presented before reaching the merits of the summary judgment motion. *See Haywood v. Evergreen Motor Cars, Inc.*, No. 02 C 6408, 2003 WL 21418248, at *1 (N.D. Ill. June 18, 2003). Willis did not seek leave of court before filing her motion to strike specific evidence. Nonetheless, the court will address her motion.

Willis objects to defendant's submission of: (1) two documents purportedly created by Dr. Kale regarding his examination of Willis (Def. Facts Ex. 3-4); (2) a grievance summary which refers to Dr. Kale's documents (Def. Facts Ex. 6); (3) two e-mails involving Willis' leave (Def. Facts Ex. 9-10); and (4) any references in the record to these exhibits. Willis contends the evidence lacks authentication and is hearsay. In response, defendant submits an affidavit and curriculum vitae from Dr. Kale attesting he wrote and sent the challenged January 31, 2003 and February 19, 2003 letters to Nurse Burtley (Def. Facts Ex. 3-4). Defendant also submits an affidavit from McCoy-Williams, attesting exhibits 9-10 attached to defendant's facts are true and accurate copies of e-mails she

authored and received regarding Willis' leave. Further, defendant argues Willis too submits medical documentation purportedly prepared by Dr. Rosanova without an affidavit, so these exhibits should be stricken if the court grants Willis' motion, "not that we think [sic] it necessary in either event." The motion to strike is denied. Defendant has cured the deficiencies of its submitted evidence by providing affidavits to authenticate the exhibits and satisfy the personal knowledge requirement of Fed. R. Civ. P. 56(e).

## II.     Summary Judgment Standards

On cross-motions for summary judgment, each movant must satisfy the requirements of Rule 56. *EEOC v. Admiral Maint. Serv., L.P.*, No. 97 C 2034, 1998 WL 102748, at * 6 (N.D. Ill. Feb. 26, 1998). Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party meets its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Violation of FMLA

The FMLA applies to employers that employ fifty or more people and engage in interstate commerce. 29 U.S.C. § 2611(4). An employee who has been employed for at least 12 months and

who has worked at least 1250 hours during the previous 12 month period is considered eligible for FMLA leave. 29 U.S.C. § 2611(2). Under the FMLA, an eligible employee who is unable to perform her job due to a serious health condition is entitled to twelve work weeks of leave. 29 U.S.C. § 2612(a)(1)(D).

Employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. 29 U.S.C. § 2615(a)(1). However, an employer may require that leave requested under § 2612(a)(1)(D) "be supported by a certification issued by the health care provider of the eligible employee." 29 U.S.C. § 2613(a). The Department of Labor has developed Form WH-380, an optional form for obtaining medical certification from health care providers.[2] An employer is not required to use Form WH-380; however, if the form is used "no additional information may be required." 29 C.F.R. § 825.306(b). The employer must advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any deficiency. 29 C.F.R. § 825.305(d). "If an employee submits a complete certification signed by a health care provider, the employer may not request additional information from the employee's health care provider. However, a health care provider representing the employer may contact the employee's health care provider, with the employee's permission, for purposes of clarification and authenticity of the medical certification." 29 C.F.R. § 825.307(a).

An employer may request a second opinion if it doubts the health care provider's opinion. 29 U.S.C. § 2613(c). A binding third opinion must be obtained to resolve a conflict between the first

---

[2]Form WH-380 is the medical certification form used by defendant and submitted by Willis in February 2003. Willis Facts Ex. L.

and second opinions. 29 U.S.C. § 2613(d); *Stoops v. One Call Communs.*, 141 F.3d 309, 311-12 (7th Cir. 1998).

## IV.    The Summary Judgment Cross Motions

### A.    Willis' Motion for Partial Summary Judgment

Willis seeks partial summary judgment on liability, and requests a trial as to damages. Willis alleges defendant violated her substantive FMLA rights by: (1) requesting her to clarify the duration and frequency of her absences despite her submission of a complete certification form; (2) failing to allow her at least 15 days or a reasonable time to provide clarification before issuing her a notice of removal and terminating her employment; and (3) failing to follow proper procedures for requesting clarification of her medical condition.  To prevail on her FMLA claim, Willis must first prove: (1) she was an eligible employee under the FMLA, 29 U.S.C. § 2611(2); (2) defendant was an employer covered by the FMLA, 29 U.S.C. § 2611(4); and (3) she was entitled to leave under the FMLA, 29 U.S.C. § 2612(a)(1). *King v. Preferred Tech.* Group, 166 F.3d 887, 891 (7th Cir. 1999); *Smith v. Univ. of Chicago Hosp.*, No. 02 C 0221, 2003 U.S. Dist. LEXIS 20965, *15-16 (N.D. Ill. Nov. 20, 2003).  Defendant admits Willis was an eligible employee under the FMLA and that it is an employer covered by the FMLA.  Def. Resp. Willis Facts at ¶¶ 5-6.  There is a factual dispute regarding Willis' entitlement to FMLA leave.

Willis asserts her chronic arthritis constitutes a serious medical condition under the FMLA. 29 U.S.C. § 2612(a)(1)(D).  The FMLA's legislative history includes severe arthritis in a list of covered health conditions.  S. Rep. No. 3, 103d Cong., 1st Sess. 1993, 1993 U.S.C.C.A.N. 3, at 26-27.  The regulations to the FMLA provide more detail regarding qualifying medical conditions.  29 C.F.R. § 825.114.  Specifically, "serious medical conditions" may include a chronic physical

condition that: (1) involves periodic visits to a health care provider; (2) continues over an extended period of time; and (3) may cause episodic rather than continuing periods of incapacity. *Id.,* at (a)(2)(iii). Willis has sufficiently demonstrated she suffers from a serious medical condition. The undisputed evidence establishes she has obtained multiple physician's notes diagnosing her condition as chronic arthritis, she has visited her physician for the arthritis condition on multiple occasions over a period of time, and she has had periods of incapacity. *See e.g.,* Willis Facts at ¶¶ 32-35; Exs. H-I, K-L. Defendant does not dispute these absences or that Willis has attributed them to arthritis. Instead, defendant submits the second opinion report of Dr. Kale, which concluded Willis does not have arthritis. In his letter to defendant, Dr. Kale repeatedly asserted that Willis' condition was "non-arthritic." Def. Mem. Ex. 4. Dr. Kale concluded Willis needed to be reevaluated for "thyroid dysfunction" and that she had "patellofemoral dysfunction with secondary foot and hip compensatory arthalgias or myalgias." *Id.* There is no record evidence establishing these conditions constitute serious health conditions.

There is a material issue of fact as to whether Willis has a serious medical condition covered by the FMLA. Because Willis must first prove her entitlement to FMLA leave before she can prevail on her cause of action, the court need not reach Willis' additional arguments for summary judgment. Willis' motion for summary judgment on liability must be denied.

## B.  Defendant's Cross-Motion for Summary Judgment

Defendant alleges it is entitled to summary judgment because Willis did not suffer from a serious health condition covered by the FMLA. Further, defendant alleges it complied with the FMLA when it relied upon the second opinion examination and requested additional medical

documentation from Willis. Finally, defendant asserts Willis failed to provide the necessary medical documentation despite ample opportunity to do so.

### Serious Health Condition

Defendant argues Willis does not have a serious health condition covered by the FMLA because Dr. Kale concluded she did not suffer from arthritis and was not required to miss work. As previously discussed, this argument is rejected because there is a disputed issue of fact as to whether Willis had arthritis. Defendant further argues Willis' February 4, 2003 certification form did not justify her January 31, 2003 request for thirty days of leave because section 7 of the form, is the "employee unable to perform work of any kind?" was answered "No." Further, section 8 of the form, "if able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job?" was also answered "No."

To be eligible for leave under § 2612 (a)(1)(D), Willis must: (1) have a serious health condition; and (2) that condition must prevent her from performing her job. However, leave under § 2612(a)(1)(D) may be taken "intermittently or on a reduced leave schedule when medically necessary." 29 U.S.C. § 2612(b)(1). The regulations recognize that some serious health conditions may be chronic, causing the employee "episodic incapacity" rather than a continuous incapacity. 29 C.F.R. § 825.114(a)(2)(iii)(C); *Stoops v. One Call Communs.*, 141 F.3d 309, 311-312 (7th Cir. 1998). While the certification form did answer "No" to two questions regarding ability to work, the answer "Yes" appeared in response to the question regarding her need to be absent from work for treatment. Further, sections 5 and 6 of the form, clarity aside, did indicate a need to miss work on an intermittent basis. If answering "No" to the questions regarding ability to work automatically

11

precluded FMLA coverage, an employee needing intermittent leave might always be precluded from FMLA protection. For instance, an employee with cancer may need intermittent leave for chemotherapy. *See e.g.*, 29 C.F.R. § 825.203(c)(1). An unequivocal answer "Yes," that she is unable to perform work of any kind or is unable to perform one of the essential functions of her position, might inaccurately reflect her needs. While there may be times she is unable to work due to intermittent incapacitation, it may not be true at all times. Under defendant's narrow logic however, answering "No" would preclude FMLA eligibility. Viewing Willis' form in its entirety, and drawing all reasonable inferences in her favor, the form supports her claim for leave based on a serious health condition.

### Medical Documentation

Defendant argues it is entitled to summary judgment because it may rely on Dr. Kale's opinion that contradicted Willis' need for leave. While an employer may request a second opinion if it doubts the opinion of the employee's health care provider, 29 U.S.C. § 2613(c), defendant did not request a second opinion regarding Willis' January 2003 request for leave. The evidence demonstrates McCoy-Williams sought a second opinion on December 12, 2002, two days after Willis requested a temporary light duty assignment. McCoy-Williams requested a second opinion to clarify information provided in Willis' previously submitted certifications. McCoy-Williams Dep. at 34-37, 43-45. With respect to the documentation submitted in January 2003, however, defendant did not seek a second opinion.

Although the results of Dr. Kale's examination were apparently sent to defendant on January 31, 2003, with a follow-up letter to Nurse Burtley on February 19, 2003, there is no record evidence

12

establishing the results of the opinion were considered when defendant issued Willis the five day request or notice of removal. The parties' debate regarding the relevance of McCoy-Williams' state of mind misses the mark. Defendant may not obtain summary judgment by arguing it relied on a valid, properly obtained second opinion in denying Willis leave and issuing her discipline, when there is no record evidence to support this assertion. Finally, even if defendant could establish it relied on the second opinion, it did not obtain a third opinion as a tie-breaker. The FMLA and defendants' policies provide a second or third opinion examination may be obtained when employers doubt the opinion of a health care provider. 29 U.S.C. § 2613(c)-(d); Willis Facts at ¶ 14, Willis Facts Ex. E. A third opinion is required if the first and second opinions contradict one another. *Stoops v. One Call Communs.*, 141 F.3d 309, 311-12 (7th Cir. 1998).

Defendant also argues summary judgment is appropriate because Willis failed to submit acceptable documentation supporting her need for leave, despite sufficient opportunity to do so. Defendant argues Willis' documentation was incomplete regarding the frequency and duration of her absences and was peppered with misspelled words, requiring her to cure the deficiencies. 29 C.F.R. § 825.305(d). Willis argues the documentation was complete, as evidenced by the five day notice's request for "clarification" only, and defendant was not entitled to more information. Further, Willis contends defendant could only obtain clarification of her completed forms by having defendant's health care provider contact Dr. Rosanova, with her permission. 29 C.F.R. § 825.307(a). Finally, Willis argues defendant only gave her five days to cure the alleged deficiencies, as opposed to 15 days or a reasonable period of time.

The court need not decide whether the February 4, 2003 certification was complete or incomplete. If the form was complete, defendant did not properly seek clarification as provided by

13

29 C.F.R. § 825.307(a). Defendant did not have one of its representatives contact Dr. Rosanova with Willis' permission. If the form was incomplete, there is a question of fact as to whether defendant provided Willis 15 days or a reasonable time to cure the deficiencies. Defendant admits its FMLA policy provides employees 15 days to resubmit FMLA certification forms if clarification is needed. Def. Resp. Willis Facts at ¶¶ 13, 30. Willis was issued a five day absence notice on Wednesday, February 12, 2003. Defendant issued the notice of removal six days later, Tuesday, February 18, 2003, indicating Willis would be terminated effective April 9, 2003. Defendant argues Willis actually had 56 days to submit additional documentation because her termination was not effective until April 9, 2003. However, the notice of removal did not state Willis would not be terminated if she provided more documentation. Rather, Willis was given notice of her removal because she failed to provide additional documentation supporting her leave within the period required by the five day absence notice. Specifically, the notice of removal stated:

> You are hereby given not less than thirty (30) days advance written notice of your removal from the Postal Service. The reason(s) for this removal action are ... [y]ou have been absent from your scheduled tour of duty at AMC O'Hare Post Office without permission (AWOL) since February 1, 2003, and have not returned to duty or provided acceptable substantiation for your absences as of this date. On February 7, 2003, you were sent a certified letter that you received on February 12, 2003, which informed you that the reason for your absence must be substantiated... As of February 18, 2003, you have not responded to the provisions of that letter.

The notice specified Willis' rights to file a grievance and, if her grievance was granted, her remedies in the event she made a reasonable effort to obtain other employment. Viewing all reasonable inferences in Willis' favor, the notice does not conclusively support defendant's argument that Willis had the entire period to save her job by providing documentation. Rather, the notice appears to announce a final decision.

14

There are questions of material fact regarding whether Willis' absences were protected by the FMLA, whether her certification forms satisfied FMLA requirements and whether defendant provided her with a reasonable time to cure any alleged deficiencies. Defendant's motion for summary judgment must be denied.

## CONCLUSION

Plaintiff's motions to strike and for partial summary judgment, and defendant's cross-motion for summary judgment are denied.

September 9, 2004                    ENTER:


                                    Suzanne B. Conlon
                                    United States District Judge